**FILED**

OCT 21 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Daniel Watlington, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 09 1991 |
| James C. Fox et al., | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

The plaintiff has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the complaint.

Plaintiff is a prisoner incarcerated at the Federal Correctional Institution at Edgefield, South Carolina who has submitted several documents. Included in the submission is a three-page document entitled a "complaint" purporting to be a "request for entry for final judgment order from private side to public side, affidavit in support of request for final judgment order," but which does not include an affidavit, does not allege facts showing that the pleader is entitled to relief, and does not include a discernible demand for judgment for the relief the pleader seeks. The complaint suggests without stating that the plaintiff is the "general manager" of the "Pallie Irrevocable Business Trust," established under North Carolina law. The complaint names as defendants five individuals, but does not indicate their relationship to the plaintiff or the trust. The court takes judicial notice that among the five named defendants is a Senior Judge for the U.S. District Court for the Eastern District of North Carolina, the Clerk of Court for the Eastern District of North Carolina, and a former U.S. Attorney for the Eastern District of North Carolina.

The submission also includes a 10-page document entitled a "criminal complaint," signed by the plaintiff, and which appears to seek to have the five defendants charged with violations of the South Carolina Criminal Code, Civil Code and Government Code. as well as "the parallel sections" of the U.S. Constitution, Title 18 of the U.S. Code "and the Federal Rules of Criminal Procedure." Like the other complaint, the "criminal complaint" does not contain any factual allegations regarding what any of the defendants' conduct.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). One of the purposes of the minimum requirements of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). As drafted, the complaint fails to identify the nature of the civil claim against the defendants, fails to state the facts on which the plaintiff's claim rests, and does not give fair notice to the defendants of the claim being asserted. Accordingly, the Court will dismiss the civil complaint without prejudice for failure to comply with the minimum requirements of Rule 8(a). In the federal system, a private citizen cannot bring a criminal complaint charging federal offenses against anyone. Therefore, the criminal complaint will be dismissed, as well.

A separate order accompanies this memorandum opinion.

Date: 10/5/09

_____
United States District Judge